JUDGE GARDEPHE

**13 CIV 1098**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

| | |
|---|---|
| VOXX INTERNATIONAL CORPORATION,<br><br>                Plaintiff,<br><br>v.<br><br>ATOMI, INC.,<br><br>                Defendant. | CIVIL ACTION NO. _____<br><br>COMPLAINT  |

Plaintiff Voxx International Corporation hereby files this Complaint for *inter alia* trademark infringement, trademark dilution, and related claims, against Atomi, Inc., on personal knowledge as to plaintiff's own activities and on information and belief as to the activities of others:

## THE PARTIES

1. Plaintiff Voxx International Corporation f/k/a Audiovox Corporation ("Voxx" or "Plaintiff") is a corporation, organized and existing under the laws of Delaware, having a principal place of business at 180 Marcus Boulevard, Hauppauge, New York 11788.

2. Upon information and belief, Atomi, Inc. ("Atomi" or "Defendant") is a corporation organized and existing under the laws of New York, having its principal place of business at 10 West 33rd Street, Suite 520, New York, New York 10001.

## JURISDICTION AND VENUE

3. This is an action for trademark infringement, trademark dilution, unfair competition and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473

(October 12, 1984), the Anti-Counterfeiting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), and for unlawful and deceptive acts and practices under the laws of the State of New York.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121. This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiff's claims for unlawful and deceptive acts and practices under the laws of the State of New York.

5. This Court has personal jurisdiction over Defendant in that Defendant transacts business in the State of New York and this District.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 in that the Defendant is an entity subject to personal jurisdiction in this District.

## BACKGROUND FACTS

I. **Voxx's Relevant Trademarks and Business**

7. Voxx is the owner of the entire right, title and interest in and to certain federally-registered trademarks and service marks, including the following registrations for the trademark RCA:

| REGISTRATION NO. | TRADEMARK | GOODS |
| --- | --- | --- |
| 3526102 | RCA | **Class 9:** computer peripherals, namely, mice, USB hubs, cables, power cords. |
| 0906566 | RCA | **Class 9:** remote control units for radio and television receivers. |
| 0906567 | **RCA** | **Class 9:** remote control units for radio and television receivers. |

8. Each of the registrations listed above is valid, subsisting, unrevoked and uncancelled. Additionally, each is also incontestable. Voxx also owns common law rights in these and related variations for use in connection with certain consumer electronics accessories products including, without limitation, power and connectivity cables for portable audio/video devices, antennas, usb cables, headphones, loudspeakers, usb adapters, AC/DC adapters, charging stations and surge protectors. Voxx's registered and common law trademarks are collectively referred to as the "RCA® Marks."

9. The RCA® Marks are some of the most well-known symbols of high-quality consumer electronic accessories products in the world. Voxx and its predecessors in interest have been using the RCA® Marks for decades in connection with these and related goods (collectively, the "RCA® Products") in interstate and foreign commerce, including commerce in the State of New York and in this judicial district.

10. The RCA® Marks have been widely promoted. Consumers, potential consumers and other members of the public and consumer electronic accessories products industry not only associate RCA® Products with exceptional materials, style and workmanship, but also recognize that RCA® Products sold in the U.S. originate exclusively with Voxx.

11. Plaintiff maintains quality control standards for all RCA® Products. Genuine RCA® Products are distributed through a network of authorized licensees, distributors, and retailers; and also Plaintiff's Internet web store located at www.rcaaudiovideo.com.

12. The RCA® Marks are featured prominently in the advertising and promotion of RCA® Products. Voxx spends considerable amounts in advertising and promoting RCA® Products, which prominently bear the RCA® Marks. The RCA® Marks are highly visible and distinctive symbols of excellence in quality.

DWT 21187751v3 0085000-002255

13. As a result, RCA® Products bearing the RCA® Marks have generated extensive sales.

## DEFENDANT'S CONDUCT

14. Defendant, without any authorization or license from Plaintiff, has knowingly and willfully used, reproduced and/or copied and infringed the RCA® Marks, by distributing, offering to sell, and selling in interstate commerce certain electronic accessory products such as USB wall and car chargers, cables, and screen protectors bearing infringements of the RCA® Marks ("Infringing Products").

15. Upon information and belief, Defendant has purchased, imported or otherwise procured Infringing Products from sources not authorized or licensed by Plaintiff to manufacture, offer for sale, or sell products bearing the RCA® Marks.

16. Defendant has knowingly advertised, distributed, offered for sale, and sold such Infringing Products in interstate commerce.

17. At all relevant times and in furtherance of infringing activities, Defendant, without authorization or license from Plaintiff, has used and continues to use the RCA® Marks in connection with the sale of Infringing Products in a manner that is confusingly similar to the manner in which the RCA® Marks are affixed to and used with RCA® Products.

18. Defendant's use of the RCA® Marks on or in connection with the advertising, marketing, distribution, offering for sale and sale of the Infringing Products is likely to cause and has caused confusion, mistake and deception by and among consumers and is irrevocably harming Plaintiff.

19. The Infringing Products are not RCA® Products. Plaintiff does not manufacture, inspect or package the Infringing Products, and did not approve the Infringing Products for manufacture, sale and distribution.

4

20.   Defendant is not authorized by Plaintiff to manufacture, distribute, sell or offer to sell products bearing the RCA® Marks in connection with manufacturing distributing, selling or offering to sell its Infringing Products.

21.   The labels and markings on the Infringing Products and/or packaging are designed to mimic the RCA® Marks and render Defendant's Infringing Products indistinguishable from RCA® Products.

## COUNT ONE

## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

22.   Voxx repeats and realleges the allegations above as if fully set forth herein.

23.   The RCA® Marks and the goodwill of the business associated with them in the United States and throughout the world are of great and incalculable value, are highly distinctive, and have become universally associated in the public mind with RCA® Products and related services of the very highest quality and reputation finding their source from Voxx.

24.   Without Voxx's authorization or consent, and having knowledge of the fact that Defendant's Infringing Products bear marks which are intentionally confusingly similar to certain of the RCA® Marks, Defendant has manufactured, distributed, offered for sale and/or sold the Infringing Products to the consuming public in direct competition with Voxx's sale of genuine RCA® Products, in or affecting interstate commerce.

25.   Defendant's use of copies or simulations of the RCA® Marks in conjunction with Defendant's Infringing Products is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Infringing Products, and is likely to deceive the public into believing the Infringing Products being sold by Defendant

DWT 21187751v3 0085000-002255

originate from, are associated with or are otherwise authorized by Voxx, all to the damage and detriment of Voxx's reputation, goodwill and sales.

26. Voxx has no adequate remedy at law and, if Defendant's activities are not enjoined, Voxx will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT TWO

## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

27. Voxx repeats and realleges the allegations above as if fully set forth herein.

28. The Infringing Products sold and offered for sale by Defendant are of the same nature and type as RCA® Products sold and offered for sale by Voxx and, as such, Defendant's use is likely to cause confusion to the general purchasing public.

29. By misappropriating and using the RCA® Marks and trade names, Defendant misrepresents and falsely describes to the general public the origin and source of the Infringing Products and creates a likelihood of confusion by consumers as to the source of such merchandise.

30. Defendant's unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Infringing Products creates express and implied misrepresentations that the Infringing Products were created, authorized or approved by Plaintiff, all to Defendant's profit and to Plaintiff's great damage and injury.

31. Defendant's aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendant's use of the RCA® Marks, in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

DWT 21187751v3 0085000-002255

32.     Voxx has no adequate remedy at law and, if the Defendant's activities are not enjoined, Voxx will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT THREE

## FEDERAL TRADEMARK DILUTION
(15 U.S.C. § 1125(a))

33.     Voxx repeats and realleges the allegations above as if fully set forth herein.

34.     The RCA® Marks are "famous marks" within the meaning of § 43(c) of the Lanham Act, 15 U.S.C. § 1125( c)(1) and have been famous marks prior to Defendant's conduct as alleged herein.

35.     Defendant's distribution, sale and/or offer for sale in commerce of the Infringing Products dilutes the distinctive quality of the RCA® Marks, and was done with the willful intent to trade on the reputation of Plaintiff and the RCA® Marks and/or cause dilution of the RCA® Marks.

36.     Defendant's unauthorized use of the RCA® Marks on or in connection with the Infringing Products was done with notice and full knowledge that such manufacture, distribution, sale and/or offer for sale was not authorized or licensed by Voxx

37.     Defendant's aforesaid acts are in knowing and willful violation of Voxx's rights under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(1).

38.     Voxx has no adequate remedy at law and, if Defendant's activities are not enjoined, will continue to suffer irreparable harm and injury to the reputation and good will of Voxx and the RCA® Marks.

39.     As a result of Defendant's activities, Voxx has been damaged on an amount to be ascertained.

DWT 21187751v3 0085000-002255

## COUNT FOUR

## COMMON LAW TRADEMARK INFRINGEMENT

40. Voxx repeats and realleges the allegations above as if fully set forth herein.

41. Plaintiff hereby realleges and incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

42. Plaintiff has built up valuable goodwill in Plaintiff's RCA® Marks.

43. With full knowledge of the fame of Plaintiff's RCA® Marks, Defendant has traded, and continue to trade, on the goodwill associated with Plaintiff's RCA® Marks, and mislead the public into assuming a connection between the Infringing Products and Plaintiff.

44. Defendant's unauthorized use of Plaintiff's RCA® Marks and trade names on the Infringing Products is likely to and does permit Defendant to pass off the Infringing Products to the general public as that of Plaintiff, all to the detriment of Plaintiff and the unjust enrichment of Defendant.

45. Defendant's acts of trademark infringement cause confusion, mislead and deceive the public as to the source of Defendant's Infringing Products, permit Defendant to pass off the Infringing Products as the Plaintiff's merchandise, and falsely suggest a connection between the Defendant and Plaintiff and will continue to do so, in violation of the common law of the State of New York, and to the detriment of Plaintiff and the unjust enrichment of Defendant.

46. Defendant's acts of trademark infringement have caused and will continue to cause Plaintiff irreparable harm unless restrained by this Court. Plaintiff has no adequate remedy at law.

## COUNT FIVE

## UNLAWFUL DECEPTIVE ACTS AND PRACTICES
### (New York General Business Law § 349)

47. Voxx repeats and realleges the allegations above as if fully set forth herein.

48. Defendant, without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known and prior rights in the RCA® Marks, and the fact that Defendant's Infringing Products bear marks which are identical or substantially indistinguishable to the RCA® Marks, have manufactured, imported, distributed, offered for sale and/or sold the Infringing Products to the consuming public in direct competition with Plaintiff's sale of genuine merchandise and in violation of New York General Business Law § 349.

49. Defendant's use of copies or simulations of RCA® Marks is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of Defendant's Infringing Products, and is likely to deceive the public into believing the Infringing Products being sold by Defendant originate from, are associated with, or are otherwise authorized by Plaintiff.

50. Defendant's deceptive acts and practices involve public sales activities of a recurring nature.

51. Voxx has no adequate remedy at law and, if Defendant's activities are not enjoined, Voxx will continue to suffer irreparable harm and injury to its goodwill and reputation.

## PRAYER FOR RELIEF

WHEREFORE, Voxx prays for judgment against Defendant as follows:

1. That Defendant, their officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be permanently enjoined and restrained from:

> (i) using in any manner the RCA® Marks or any reproduction, counterfeit, copy or colorable imitation of the RCA® Marks in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of Voxx and
>
> (ii) passing off, inducing or enabling others to sell or pass off any Infringing Products as and for RCA® Products; and
>
> (iii) shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner electronic consumer accessory products or other items falsely bearing the RCA® Marks, or any reproduction, counterfeit, copy or colorable imitation of same; and
>
> (iv) committing any acts likely to cause purchasers to believe that Defendant's products are those sold under the control and supervision of Voxx, or sponsored or approved by, or connect with, or guaranteed by, or produced under the control and supervision of Voxx
>
> (v) further infringing and diluting the RCA® Marks and damaging Voxx's goodwill
>
> (vi) from otherwise competing unfairly with Voxx in any manner.

2. That Defendant be required to deliver up to Voxx any and all products, guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, advertising matter, promotional and other materials or documents in the possession of defendant or under its control relating to or bearing any of the RCA® Marks, or any reproduction, counterfeit, copy or colorable imitation there, alone or in combination with any world, or used in connection with the advertising, offering for sale or sale or products not Voxx's, or not made under the authorization and control of Voxx

DWT 21187751v3 0085000-002255

3.     That Defendant be required to supply Voxx with a complete list of entities from whom they purchased or procured and to whom they distributed and/or sold products falsely bearing the RCA® Marks, or any reproduction, counterfeit, copy or colorable imitation thereof, or products not authorize by Voxx to be sold in connection with said marks.

4.     That Defendant, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner in which Defendant have complied with paragraph 1-3 of this Prayer for Relief.

5.     That Defendant account for and pay over to Voxx profits realized by Defendant by reason of Defendant's unlawful acts herein alleged and, that the amount of damages for infringement of Plaintiff's registered trademarks be increased by a sum not exceeding three times the amount thereof as provided by law.

6.     That Voxx be awarded reasonable attorney's fees and have such other and further relief as the Court may deem equitable including, but not limited to, any relief set forth under Sections 34-39 of the 1946 Trademark Act and/or C.G.S.A. §§ 35-11(i), 42-110(a) et seq., 42-110(b) et seq. and New York General Business Law § 349.

Dated: February 19, 2013

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: /s/

G. Roxanne Elings
(RoxanneElings@dwt.com)
Charles A. LeGrand
(CharlesLeGrand@dwt.com)
George P. Wukoson
(GeorgeWukoson@dwt.com)
1633 Broadway, 27th Floor
New York, NY 10019-6708
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

*Attorneys for Plaintiff Voxx International Corporation*